UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GARRICK GEORGE SMITH,

       Petitioner,

v.                                             Case No. 2:03-cv-196
                                             HON. RICHARD ALAN ENSLEN

PATRICIA CARUSO,

       Respondent.
_____/

**REPORT AND RECOMMENDATION**

       Petitioner Garrick George Smith, filed this petition for writ of habeas corpus challenging the validity of his state court jury conviction for third degree criminal sexual conduct. On November 20, 2000, petitioner was sentenced as a habitual offender to a prison term of 88 months to fifteen years.

       Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

       Petitioner has raised the following issues in his petition:

> I. The trial court reversibly erred where it granted the prosecutor's motion to introduce evidence of prior bad acts, i.e. the history of domestic abuse, over defense counsel's objection and in violation of Mr. Smith's state and federal constitutional due process rights to a

fair trial. Alternatively, Mr. Smith's constitutional rights to the effective assistance of counsel were violated and he was denied a fair trial where trial counsel failed to ask for the limiting instruction and the trial court failed to give one.

II. The prosecution relied heavily in closing argument on a domestic violence expert's testimony in this trial. Such testimony had been precluded at the first trial, which resulted in a hung jury. Mr. Smith is entitled to a new trial where there was a failure to record the expert's testimony and the certified statement of facts is an inadequate substitute such that meaningful appellate review is precluded, thus denying Mr. Smith's constitutional rights to appeal, due process, and the effective assistance of appellate counsel.

III. Alternatively, Mr. Smith's state and federal constitutional due process rights to a fair trial were violated by the introduction of an expert's testimony regarding the typical characteristics of an abusive domestic relationship and its participants and the typical escalating pattern of domestic abuse. [If this court declines to evaluate this issue as preserved, then trial counsel was ineffective for failing to object to the introduction of her testimony on this ground and Mr. Smith is still entitled to a new trial].

IV. The prosecution deprived Mr. Smith of his constitutional rights to a fair trial with his misconduct in closing argument. Defense counsel was constitutionally ineffective in failing to object to the misconduct. Further, the cumulative effect of the multiple instances of misconduct denied Mr. Smith a fair trial.

V. Mr. Smith's retrial was barred under the Michigan Constitution because the prosecutor knowingly committed misconduct 'with indifference, if not a specific intent to create unfair prejudice' at the first trial.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state

court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* at 413. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all

reasonable jurists would agree that the application by the state court was unreasonable. *Id.* (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.*

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 577 U.S. 1040 (1999).

Petitioner argues that the trial court erred by allowing prior bad acts evidence regarding his history of domestic abuse under Michigan Rules of Evidence 404(b). However, "such an inquiry . . . is no part of a federal court's habeas review of a state conviction." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). In *Estelle v. McGuire*, the Supreme Court addressed the issue of whether the admission of evidence in violation of California state law entitled a petitioner to habeas corpus relief.

> We have stated many times that "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102, 111 L. Ed. 2d 606 (1990); see also *Pulley v. Harris*, 465 U.S. 37, 41, 104 S. Ct. 871, 874-75, 79 L. Ed. 2d 29 (1984). Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to

> deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21, 96 S. Ct. 175, 177, 46 L. Ed. 2d 162 (1975) (per curiam).

*Estelle v. McGuire*, 502 U.S. at 67-8.

The appropriate inquiry is whether the allegedly improper admission of evidence violated the petitioner's constitutional rights. *Estelle v. McGuire*, 502 U.S. at 68. A federal court will grant habeas corpus relief only where a violation of the state's evidentiary rule results in the denial of fundamental fairness, and therefore, a violation of due process. *Brown, III v. O'Dea*, 187 F.3d 572, 578 (6th Cir. 1999) (citing *Cooper v. Sowders*, 837 F.2d 284, 287 (6th Cir. 1988)).

> "The standard in determining whether the admission of prejudicial evidence constitutes a denial of fundamental fairness is whether the evidence is 'material in the sense of a crucial, critical highly significant factor.'" *Leverett v. Spears*, 877 F.2d 921, 925 (11th Cir. 1989) (quoting *Redman v. Dugger*, 866 F.2d 387, 390 (11th Cir. 1989)).

*Brown, III*, 187 F.3d at 578.

On appeal, the Michigan Court of Appeals rejected petitioner's claims regarding prior bad acts evidence. The Michigan Court of Appeals concluded that prior bad acts evidence was probative because the defense was claiming consent for the sexual act. The victim, who was petitioner's ex-wife, was allowed to testify about her experiences with petitioner to explain why she failed to physically resist petitioner's actions. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

During the trial, due to recording equipment malfunction or human error, the prosecutor's expert witness testimony was not transcribed. Petitioner claims that this error resulted in an inability to effectively appeal his case and that his counsel was ineffective for failing to correct the error. At trial, the court, the prosecutor and defense counsel were aware that the prosecutor's expert testimony was not transcribed. As a result, the prosecutor and defense counsel prepared a Settled Statement of Facts which is a stipulated narrative of the expert witnesses' testimony (docket #24). The Michigan Court of Appeals rejected petitioner's claim on this issue explaining:

> Newly appointed appellate counsel expressed dissatisfaction with the settled statement of the record below, on the ground that it was not sufficiently detailed to allow her to discover and develop all possible appellate issues. However, defendant's trial attorney certified that the settled statement of facts accurately, fairly, and completely set forth the substance of Lasher's testimony. It is understandable that appellate counsel would be dissatisfied at having anything less than every precise detail of Lasher's testimony before her. However, because defendant's trial attorney certified the accuracy, fairness, and completeness of the settled statement of facts, the trial court did not abuse its discretion in acting on the latter's agreement rather than the former's disagreement. Defense counsel was actually present and participated in the proceedings from which the settled record was compiled, whereas appellate counsel came to this case as one searching for appellate issues warranting a new trial. Because appellate counsel neither challenges the accuracy of the representations within the settled statement, nor posits any fact missing from the statement, we are satisfied that the trial court, and the parties, reasonably compensated for the lack of a transcript as contemplated by M.C.R. 7.210(B)(2).

The court, the prosecutor and defense counsel acted appropriately under the circumstances by preparing an agreed upon narrative statement of the testimony of the prosecutor's expert witness. *Scott v. Elo*, 302 F.3d 598, 604 (6th Cir. 2002) (an agreed statement of fact, or full narrative statement may substitute for a verbatim transcript for appeal purposes so long as defendant is

afforded a "record of sufficient completeness"). Petitioner has failed to demonstrate any prejudice as a result of the court's failure to transcribe the prosecutor's expert testimony. *Bransford v. Brown*, 806 F.2d 83, 86 (6th Cir. 1987). The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner asserts that the admission of the prosecutor's expert testimony was error. The Michigan Court of Appeals concluded that the expert's testimony was appropriate considering the defense of consent and the actions of the victim. Petitioner has failed to explain how this issue involves a violation of his constitutional rights. A federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988), *cert. denied* 488 U.S. 866 (1988). Therefore, it appears that this portion of petitioner's argument should be dismissed.

Petitioner claims prosecutorial misconduct. The Michigan Court of Appeals ruled that since no objections were made to the asserted instances of misconduct during closing argument, the unpreserved claims of error could not be reviewed absent a showing of plain error or actual innocence. The court further found that the prosecutor's statements about defense counsel "nitpicking" were fair game, the comments about credibility of the defense witness and the complainant were proper statements about the evidence in the case, petitioner's claims of appeals

to the sympathy of the jury were unsupported by fact, and that comments regarding references to expert testimony were appropriate argument based upon the facts presented during trial.

When a state-law default prevents further state consideration of a federal issue, the federal courts are ordinarily precluded from considering that issue on habeas corpus review. *See Ylst v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The Sixth Circuit applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the state procedural rule; (3) the default must be an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met, the petitioner must demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001). There may be an "exceptional case in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 122 S.Ct. 877, 878 ( 2002). A petitioner may also excuse a default by making a colorable claim of innocence; that is, he has shown that any constitutional error "probably" resulted in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 495 (1986)). This exception is reserved for a very narrow class of cases, based on a claim of "new reliable evidence." *Schlup*, 513 U.S. at 315, 324.

The Michigan Court of Appeals noted that petitioner failed to preserve the issue for appeal, but reviewed the argument only to consider whether petitioner's rights were substantially affected by the asserted error.  Even though the court of appeals applied a limited review of the claimed error to determine whether it affected the outcome, petitioner's failure to object is still considered a procedural default.  *See Paprocki v. Foltz*, 869 F.2d 281, 284-85 (6th Cir. 1989); *accord Federico v. Yukins*, No. 93-2424, 1994 WL 601408, at *3-*4 (6th Cir. Nov. 2, 1994), *cert. denied*, 514 U.S. 1038 (1995).  The limited review by the court of appeals did not waive the procedural default because it was a separate and alternative holding apart from the determination of the procedural default.  *See Harris*, 489 U.S. at 264, n.10; *McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991); *Paprocki v. Foltz*, 869 F.2d 281, 285 (6th Cir. 1989).  Further, petitioner has not established cause or prejudice for his procedural default.

Petitioner argues that the intentional prosecutorial misconduct in his first trial implicated Michigan's constitutional provision regarding double jeopardy and that he could not be tried a second time. Petitioner's claim is brought under the Michigan Constitution.  Clearly, this claim fails to raise an issue of federal law.  Federal habeas corpus relief is not available to correct error of state law.  *Estelle*, 502 U.S at 67.  Similarly, to the extent that petitioner raises claims of ineffective assistance of counsel, petitioner has failed to support those claims.  In order to prevail on a claim of ineffective assistance of counsel, petitioner must show that counsel's errors were so serious that he was not functioning as counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Bruner v. Perini*, 875

F.2d 531, 535 (6th Cir.), *cert. denied*, 493 U.S. 938, 110 S. Ct. 334 (1989) (citing *Strickland v. Washington*, 466 U.S. 668, 688-96, 104 S. Ct. 2052, 2065, 69, 80 L. Ed. 2d 647 (1984)).

There has been ineffective assistance of counsel where an attorney's performance is so deficient as to prejudice the defense and render the trial unfair and the result unreliable. *Wong*, 142 F.3d at 319; *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 1547 (1998). Even if a court determines that counsel's performance was outside the wide range of professionally competent assistance, the petitioner is not entitled to relief if his counsel's error had no effect on the judgment. *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Rather, a petitioner must show that the probability that the outcome of the case would have been different but for counsel's unprofessional errors is sufficient to undermine confidence in the result. *Wong*, 142 F.3d at 319; *Austin*, 126 F.2d at 848. "The performance and prejudice components of the *Strickland* test are mixed questions of law and fact." *Austin*, 126 F.2d at 848.

The court's review of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy. *Wong*, 142 F.3d at 319; *Austin*, 126 F.3d at 848. The petitioner must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). As the Michigan Court of Appeals concluded petitioner has failed to show that his counsel was ineffective. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based

upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of petitioner's claims was debatable or wrong. Petitioner has failed to show a violation of his constitutional rights by the testimony regarding his prior bad acts involving domestic violence. Similarly, petitioner's claims regarding the missing transcript and expert testimony lack merit. Petitioner procedurally defaulted his prosecutorial misconduct claims.

Petitioner's claim of double jeopardy under the Michigan Constitution fails to set forth a federal claim. Further, petitioner's ineffective assistance of counsel claims lack merit. Most importantly, petitioner has failed to show that the Michigan Court of Appeals decision rejecting each of these claims was unreasonable. Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal those issues or claims addressed or resolved as a result of the Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   November 3, 2005