UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

GARRICK GEORGE SMITH,

      Petitioner,

Case No. 2:03-CV-196

v.

Hon. Richard Alan Enslen

PATRICIA CARUSO,

**OPINION**

      Respondent.
_____/

This matter is before the Court on Petitioner Garrick George Smith's Objections to United States Magistrate Judge Timothy P. Greeley's Report and Recommendation of November 3, 2005. The Court now reviews the Objections and the pertinent record *de novo*. 28 U.S.C. § 636(b)(1)(B).

**BACKGROUND**

Petitioner's case arises from his 2000 conviction and sentence for third-degree criminal sexual conduct in violation of Mich. Comp. Laws § 750.520(d)(1)(b). Petitioner was sentenced to a term of 88 months to 15 years imprisonment as a habitual offender. The premise of the conviction and sentence is that Petitioner called his estranged wife for assistance with a flat tire during the early morning hours of June 20, 1999 and after she came to his aid at the roadside, he sexually assaulted her.

Petitioner filed the instant Petition on or about September 15, 2003.[1] The Petition asserts the following five constitutional grounds, which are summarized as follows: (1) Petitioner's rights to

---

[1] This is the date that the Petition was signed. The Petition was received by the Clerk on September 18, 2003. Under Federal Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts, the filing date is the date in which the Petition was deposited into the prison mail system.

due process of law under the Fifth and Fourteenth Amendments of the United States Constitution were violated by the introduction of evidence of prior assaultive conduct under Michigan Court Rule 404(b) and/or Petitioner's Sixth Amendment right to effective assistance of counsel was violated by defense counsel's failure to ask for a limiting instruction; (2) Petitioner's rights to due process of law, to appeal his sentence and to effective assistance of counsel were violated by the unintended failure of the trial court to make a verbatim record of expert testimony (which testimony was instead later recorded by an agreed court-approved statement of the testimony); (3) Petitioner's rights to due process and effective assistance of counsel were violated by the introduction of the prosecution's expert testimony without defense objection concerning typical patterns of domestic abuse; (4) Petitioner's rights to due process and effective assistance of counsel were violated by the prosecution's misconduct during closing argument without defense objection; and (5) Petitioner's right to due process was violated by Petitioner's retrial after prosecutorial misconduct at the first trial.

Magistrate Judge Greeley's Report and Recommendation entered on November 3, 2005 and recommended denial of relief. Said Report was issued in accordance with Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner's Objections were filed on or about November 14, 2005[2] and are deemed timely filed under 28 U.S.C. § 636(b)(1)(B).

---

[2]This is the date that the Objections were signed by Petitioner. The Objections were received by the Clerk on November 17, 2005. Under Federal Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts, the filing date is the date in which the Objections were deposited into the prison mail system.

**LEGAL STANDARDS**

Habeas relief, since 1996, has been limited by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 *et seq.,* which provisions are applicable to this case.

AEDPA provides in pertinent part that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under this statute, habeas relief is authorized in three instances: (1) a decision "contrary" to federal law; (2) an "unreasonable application" of federal law; and (3) an "unreasonable determination of the facts." Under the controlling case law, a state court decision is "contrary to" federal law only when it "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000); *see also Biros v. Bagley*, 422 F.3d 379, 386 (6th Cir. 2005). A state court decision is an "unreasonable application" of federal law when it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 413. Factual findings made by the state court, or by state appellate courts based upon the trial record, are

presumed to be correct but may be rebutted by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Bugh v. Mitchell,* 329 F.3d 496, 500 (6th Cir. 2003); *Biros*, 422 F.3d at 386.

## LEGAL ANALYSIS

### 1. Ground One–Rule 404(b) Evidence

Concerning the Rule 404(b) evidence, the introduction of the evidence *per se* is a matter of state law which may not be reviewed by habeas writ. Rather, a federal court will grant habeas relief only when the admission of improper evidence results in a denial of fundamental fairness and due process of law. *Brown v. O'Dea*, 187 F.3d 572, 578 (6th Cir. 1999). The Sixth Circuit has specifically upheld state convictions against similar habeas challenges involving Rule 404(b) evidence on the ground that the use of such evidence in those cases was not fundamentally unfair. *See Burton v. Renico*, 391 F.3d 764, 773-75 (6th Cir. 2004); *Coleman v. Mitchell*, 244 F.3d 533, 542-43 (6th Cir. 2001). The same conclusion is warranted in this instance. The Michigan Court of Appeals upheld the use of prior assault incidents involving Petitioner and the victim because it was probative of the likelihood that the sexual contact at issue was non-consensual. That is, it provided a rational explanation for the victim's conduct that she did not resist because of legitimate fear. This evidence was, in this context, proper and probative. Petitioner's challenge does not show fundamental unfairness nor does it meet the AEDPA standards for habeas relief.

On the related question of whether counsel was ineffective in failing to request a limiting instruction, relief should also be denied. To prove ineffective assistance of counsel, Petitioner must show: (1) his counsel performed deficiently, and (2) his counsel's deficient performance prejudiced him. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Deficient performance is not lightly

assumed since the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689.  Likewise, to show prejudice, the Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.  *See also Johnson v. Luoma*, 425 F.3d 318, 327 (6th Cir. 2005).

In the instant case, neither deficient performance has been shown, nor has prejudice been established.  A request for a limiting instruction may well have had the effect of emphasizing the damaging testimony such that it was reasonably not requested.  Further, such an instruction would have directed the jury's attention to the testimony in the context of the consent issue–which would not have helped Petitioner's cause.  Petitioner is not entitled to relief under the AEDPA standards.

### 2.  Ground 2–Summary Record of Expert Testimony

Petitioner's second ground relates to an inadvertent failure of the trial court to make a verbatim record of the testimony of the prosecution's domestic violence expert (Bernadine Lasher), which was due to either a recording equipment malfunction or an operator error. (Hr'g Regarding Mot. to Settle R., 10.)  The trial court subsequently approved an agreed statement of the testimony (agreed by the assistant prosecutor and Petitioner's trial counsel) over Petitioner's appellate counsel's objection. (*See* Settled Statement of Facts, Dkt. No. 24.)  On the ensuing appeal, the Michigan Court of Appeals found that the agreement to the testimony was reasonable and the

substitute statement sufficiently compensated for the absence of a verbatim record as permitted by state court rule (M.C.R. 7.210(B)(2)). *People v. Smith*, No. 232095, *3-4 (Mich. Ct. App. Dec. 27, 2002.) The statement is seven-pages in length and is of sufficient detail to explain the testimony as well as Petitioner's dissatisfaction with its introduction. The trial court and Court of Appeals' findings approving the settled statement as sufficient and accurate has not been shown to be clearly erroneous by Petitioner. Indeed, the Sixth Circuit has specifically rejected similar challenges to substitute records when the record is of "sufficient completeness" to protect a defendant's due process interests. *Scott v. Elo*, 302 F.3d 598, 604 (6th Cir. 2002). Petitioner has not shown that his trial or appeal was prejudiced by the insufficiency of the statement, nor has he shown any inaccuracy in the statement. *See Bransford v. Brown*, 806 F.2d 83, 86 (6th Cir. 1987). Trial counsel acted legitimately in assisting in the accurate summarization of such testimony notwithstanding the objection of appellate counsel. The summary of the testimony furthered Petitioner's interests since it facilitated the prompt appellate review of the case. Petitioner is not entitled to relief under the AEDPA standards on this ground.

### 3. Ground 3–Prosecution Expert Testimony

Petitioner's third ground challenges the introduction of the prosecution expert testimony concerning domestic violence. The evidence was pertinent and was properly introduced under state law. *See Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984) (J. Jones, concurring) (recognizing the need for domestic violence expert testimony in pertinent cases); *Dillard v. Roe*, 244 F.3d 758, 766 (9th Cir. 2001) (holding that the introduction of such testimony did not violate due process). Petitioner has not shown any error, let alone any error giving rise to fundamental unfairness warranting remedy under the Constitution. Likewise, Petitioner has not shown that trial counsel was

ineffective in failing to object to such testimony–which objection would have been denied and would have only highlighted the testimony. This ground does not warrant relief under the AEDPA.

### 4. Ground 4–Prosecutorial Misconduct

Petitioner's fourth ground urges a finding of prosecutorial misconduct arising from the prosecutor's closing argument. Prosecutorial misconduct claims are reviewed deferentially in habeas proceedings. *Bowling v. Parker,* 344 F.3d 487, 512 (6th Cir. 2003). To violate due process, a prosecutor's statements must have been "so flagrant as to render the entire trial fundamentally unfair." *Id.* Flagrancy is determined based upon: (1) whether the statements tended to mislead the jury or prejudice the accused; (2) whether the statements were isolated or among a series of improper statements; (3) whether the statements were made deliberately or accidentally before the jury; and (4) the total strength of the trial evidence. *Boyle v. Million,* 201 F.3d 711, 717 (6th Cir. 2000).

Petitioner's arguments about prosecution misconduct do not come close to making such a showing. The prosecutor's statements during closing argument have not been shown to be other than fair argument about the credibility of contesting witnesses. Petitioner has not shown any prosecutorial misconduct, let alone the kind of repeated, flagrant and prejudicial misconduct warranting federal remedy. Petitioner has also not shown that trial counsel was ineffective because it was a proper strategy to not object to such statements–both because the objections would have been overruled and because such objections may have prompted later competing objections. Petitioner is not entitled to relief under the AEDPA standards on this ground.

**5. Ground 5–Retrial**

Petitioner's final ground does not assert a Double Jeopardy Clause challenge under federal law (which issue has not been exhausted), but does assert a violation of the Michigan Constitution's prohibition of double jeopardy in the context of Petitioner's retrial after alleged prosecutorial misconduct in the first trial. Of course, the content of state law, including the Michigan Constitution, is not reviewable *per se* under federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Fundamental state court error may warrant federal remedy, but has not been shown. Contrary to Petitioner's claim, the retrial at issue was caused by only the jury's failure to seasonably reach a verdict during the first trial–which circumstance does not preclude retrial under state and federal law.[3] *See People v. Smith*, 2002 WL 31958200, *1 (Mich. Ct. App. Dec. 27, 2002). Thus, the supposed factual premise for the claimed error (that the retrial was somehow due to prosecutorial

---

[3]A deadlocked jury is a classic example of "manifest necessity" permitting retrial notwithstanding the right against double jeopardy. *Arizona v. Washington*, 434 U.S. 497, 509 (1978); *Jones v. Hogg*, 732 F.2d 53, 54 (6th Cir. 1984); *People v. Thompson*, 379 N.W.2d 49, 53 (Mich. 1985). After the Petitioner's trial, a second trial was commenced, but a jury was not impaneled and sworn due to misconduct by Defendant causing another mistrial. (*See* Motion for Mistrial (Dkt. No. 19), 3-6.) The second trial did not give rise to a double jeopardy issue because it mistried before the jury had been impaneled and sworn (the point at which jeopardy attaches). *See Crist v. Bretz*, 437 U.S. 28, 38 (1978); *United States v. Neal*, 93 F.3d 219, 221 (6th Cir. 1996); *People v. Mehall,* 557 N.W.2d 110, 112 (Mich. 1997). Additionally, the second trial could not have given rise to a jeopardy challenge because it was interrupted by Defendant's own misconduct. Serious misbehavior by a defendant or defense counsel which prompts a new trial obviously does not warrant the application of jeopardy or otherwise justice would be at the mercy of malefactors. *See Arizona v. Washington*, 434 U.S. at 510-13 (holding that "[u]nless unscrupulous defense counsel are to be allowed an unfair advantage, the trial judge must have the power to declare a mistrial . . . ."); *People v. Dawson*, 427 N.W.2d 886, 895 n.45 (Mich. 1988) (stating that double jeopardy does not bar retrial when a mistrial is declared due to defense counsel's misconduct); *People v. Bigge,* 297 N.W. 70, 74 (Mich. 1941) (finding that retrial was warranted because defendant caused the mistrial by having a private conversation with a juror).

misconduct) is a mistaken statement of the record. Petitioner is not entitled to relief under the AEDPA standards.

### **CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253, the Court must also assess whether to grant the issuance of a certificate of appealability to Petitioner. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate is to be issued if the resolution of the petition is debatable among reasonable jurists or adequate to deserve encouragement for some other reason.

This Court has reviewed the grounds asserted individually as required by the decisions in *Slack* and *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001). Upon such review, the Court determines that this standard is not met as to any of the claims for relief asserted because there is no sufficient factual basis for the claims asserted and case law of the Supreme Court and Sixth Circuit forbids relief. Therefore, a certificate will be denied.

### **CONCLUSION**

For the reasons given, a Final Order shall enter adopting the Report and Recommendation as further explained herein, denying the Objections, denying the Petition on the merits, dismissing the Petition with prejudice, and denying a certificate of appealability.

                                                  /s/ Richard Alan Enslen

DATED in Kalamazoo, MI:         RICHARD ALAN ENSLEN
     December 16, 2005          SENIOR UNITED STATES DISTRICT JUDGE